UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THU MY NGUYEN and <br> VIET TRUNG TRAN | * <br> * <br> * | CIVIL ACTION <br><br> NO. 07-8814 |
| VERSUS | * <br> * | |
| LEXINGTON INSURANCE COMPANY | * | SECTION "N" (5) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **ORDER AND REASONS**

Before the Court is a Motion to Enforce Settlement and for Statutory Penalties (Rec. Doc. 8), filed by the plaintiffs, Thu My Nguyen and Viet Trung Tran, on December 19, 2008. Defendant, Lexington Insurance Company, opposes the motion. Considering the memoranda filed by the parties and the applicable law, **IT IS ORDERED** that the motion is **DENIED**.

On October 18, 2008, the parties in this action reached a settlement agreement. (Rec. Doc. 8-3, exh. 1). On November 3, 2008, Lexington was provided with the proper payee information that was necessary for the defendant to prepare and tender the settlement payments to the plaintiffs. (Rec. Doc. 10-2, exh. 3). Subsequently, Lexington sent payment through certified mail on November 20, 2008. (Rec. Doc. 10-2, exh. 4). The plaintiffs thereafter filed the pending motion

1

with this Court, asserting a claim for statutory penalties pursuant to La. Rev. Stat. 22:1220(C),[1] on the allegation that Lexington was late on its payment.

Under Louisiana law, an insurer has a duty to pay settlement funds to the insured within thirty days after this agreement is reduced to writing. La. Rev. Stat. 22:1973(B)(2) (formerly La. Rev. Stat. 22:1220(B)(2)). This thirty day period commences when "the last necessary prerequisite to payment is accomplished". *Guilbeau v. Ramsay*, 2003-1402, 870 So.2d 565, 569 (La. App. 3 Cir. 04/07/2004).

Here, Lexington could not make a payment on the settlement without first knowing who the proper payee was on the claim. Therefore, obtaining this information was a "necessary prerequisite" before payment could be made. *Id.* Because the payment was made within thirty days of obtaining this information, the statutory penalties will not be awarded.

Thus, **IT IS ORDERED** that Plaintiffs' Motion to Enforce Settlement and for Statutory Penalties is **DENIED.**

New Orleans, Louisiana, this 11th day of March, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Effective January 1, 2009, this statute is now cited as La. Rev. Stat. 22:1973.